| | | | |
|---|---|---|---|
| Case No. | **CV 19-10707-JLS (KK)** | Date: | January 3, 2020 |
| Title: | *Kenneth Buford Pollard v. San Luis Obispo Sheriff's Dept.* | | |

| | |
|---|---|
| Present: The Honorable | KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE |

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed For Failure To Name Proper Respondent And Failure To Comply With Rule 8 And Habeas Rule 2(c)

## I.
## INTRODUCTION

On December 10, 2019, Kenneth Buford Pollard ("Petitioner") filed a Petition for a Writ of Habeas Corpus ("Petition") purporting to challenge his conviction for "false criminal threats". ECF Docket No. ("Dkt.") 1. It appears, however, the Petition is subject to dismissal because: (1) the Petition fails to name a proper respondent; and (2) the Petition fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8") and Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rule 2(c)"). The Court will provide Petitioner an opportunity to address these issues before making a final determination regarding whether the Petition should be dismissed.

## II.
## DISCUSSION

### A.  THE PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (second alteration in original). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; see Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham

v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names San Luis Obispo Sheriff's Department as Respondent. See dkt. 1. However, Petitioner is confined at California Correctional Institution in Tehachapi, California. Id. San Luis Obispo Sheriff's Department, therefore, does not have custody over Petitioner. See Rumsfeld, 542 U.S. at 434. Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

**B.      THE PETITION FAILS TO COMPLY WITH RULE 8 AND HABEAS RULE 2(c)**

Under Rule 8, a petition must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d); see Petillo v. Los Angeles Dept. of Children & Family Services, No. CV 17-08062-JFW (AS), 2018 WL 748290, at *1 (C.D. Cal. Feb. 7, 2018) (applying Rule 8 standards to a habeas petition). "[T]he 'short and plain statement' must provide the [respondent] with 'fair notice of what the [petitioner's] claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Experience teaches that, unless cases are pled clearly and precisely, . . . the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000). A court cannot grant relief based on conclusory allegations unsupported by specific facts. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1996).

A court may dismiss a habeas petition if it does not "state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 n.7, 97 S. Ct. 1621, 1630, 52 L. Ed. 2d 136 (U.S. 1977) (citation omitted). For instance, a court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); see Hines v. Napolitano, No. CIV. 071816-WQH (RBB), 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007) (dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief"; court need not "engage in a tenuous analysis in order to attempt to identify and ma[k]e sense of the Petition"). Additionally, a court may dismiss a claim as factually frivolous when the facts alleged are implausible. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Habeas Rule 2(c) "requires a more detailed statement [than Rule 8]. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005); see Rules Governing Section 2254 Cases in the United States District Courts. Consequently, in a habeas petition, "notice pleading is not sufficient," and a petitioner must "state facts that point to a real possibility of constitutional error." Id. at 655 (quoting Habeas Rule 4's 1976 Advisory Committee Notes); McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (holding, under Habeas Rule 2(c), "petitions must meet heightened pleading requirements").

Here, the Petition fails to comply with Rule 8 and Habeas Rule 2(c). Specifically, the Petition fails to set forth any grounds for relief and does not set forth facts that "point to a real possibility of constitutional error". See dkt. 1 at 3-4; see also Mayle, 545 U.S. at 649. The Petition is

largely unintelligible and illegible to the point that the Court cannot interpret Petitioner's claims. See Neitzke, 490 U.S. at 324. For example, Petitioner appears to allege the "DA is Cyber Crimes using MEPV embedded solutions vision systems targeting a nano wire LED pro[s]thetics intraocular lens police can see threw and using EMP WIFI fields." See dkt. 1 at 5. Petitioner appears to argue he is innocent because he told the victim to "stop targeting his mind [and] control[ing the] implant." Id. at 3. The Court finds these allegations factually implausible because they "rise to the level of the . . . wholly incredible". See Denton, 504 U.S. at 32-33. Accordingly, the Petition is subject to dismissal for violating Rule 8 and Habeas Rule 2(c).

### III.
### ORDER

For the above reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition **no later than January 27, 2020**. Petitioner must respond in writing by either (a) clearly explaining why the deficiencies referenced above do not warrant dismissal; or (b) filing a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a claim and/or for his failure to comply with court orders and failure to prosecute.** See **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record and provide Petitioner with a blank form Petition for his use in filing a First Amended Petition.**

**IT IS SO ORDERED.**